IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Abraham A. Ungar, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | Civil File No. 3:06-cv-108 |
| | ) | |
| North Dakota State University, | ) | |
| | ) | |
| Defendant. | ) | |

On May 8, 2007, the Court held a motion hearing on numerous motions pending in the above-encaptioned case. At that time, Plaintiff made an oral motion for appointment of an attorney, informing the Court that although he had the financial means to pay an attorney, he had been unable to retain one.

There is no constitutional or statutory right for appointment of counsel in a civil case; however, the district court may make such an appointment at its discretion. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). The Eighth Circuit has specifically held that in Title VII cases, a court has "coercive power to require attorneys to represent plaintiffs." Scott v. Tyson Foods, Inc., 943 F.2d 17, 19 (8th Cir. 1991). In making its decision, the Court considers whether the plaintiff has established a prima facie claim or, at a minimum, has not set forth a frivolous or malicious claim. Id. at 1005. Additionally, the Court should examine whether the plaintiff has made a good faith effort to retain counsel and whether the court and parties would benefit from the assistance of counsel. Id.

Here, Plaintiff's 11-count complaint, as a whole, appears to be neither frivolous or malicious. Among other allegations, Plaintiff accuses NDSU of harassment and of disparate

treatment.  If proven, these allegations could constitute violations of Title VII.  Therefore, it appears Plaintiff has established a prima facie claim as to at least one Count.

Plaintiff made attempts to retain counsel.  He informed the court that he contacted numerous attorneys in the Fargo area and was unable to find one willing to take his case.

Finally, Plaintiff and the Court would benefit from the assistance of counsel.  This case involves sophisticated legal issues not easily litigated by a layperson.  A summary judgment motion has already been filed by NDSU, and it is clear the assistance of counsel would help Plaintiff appropriately respond to that motion and pursue his claims.

Therefore, the Court **ORDERS** that Plaintiff is eligible for the appointment of counsel at his own expense.  The Court is prepared to appoint Tom Fiebiger, an attorney with experience in employment law cases.  Plaintiff shall deposit $7,500 in the Court's Registry Fund, to be kept at the local level, if he seeks Mr. Fiebiger's appointment.  Once the deposit has been made, Mr. Fiebiger shall be appointed and the funds will be transmitted to him.  Any unused funds will be returned to Plaintiff when Mr. Fiebiger's representation ceases.

**IT IS SO ORDERED.**

Dated this 28th day of June, 2007.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court